### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ELGAR SANCHEZ-FIGUEROA, | ) | |
| # S-13549, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-560-SMY |
| | ) | |
| HENRY FRANCIS BERGMANN, | ) | |
| RAQUEL STRUBHART, | ) | |
| ROD KLOECKNER, | ) | |
| JOHN ARTHUR HUDSPETH, | ) | |
| UNKNOWN PARTY (LDS, MP, AMS) | ) | |
| and DERRIS E. MIDDENDORFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Stateville Correctional Center ("Stateville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff was convicted in the Circuit Court of Clinton County.  He brings suit against the attorney who was appointed to represent him in his post-conviction case (Bergmann), an interpreter (Strubhart), the clerk of court (Kloeckner), the Judge (Middendorff), and the state's attorney and/or assistant state's attorneys and investigators.[1]  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff includes claims concerning the post-conviction proceeding that he initiated on March 9, 2015, as well as claims relating to his guilty plea proceedings (Doc. 1, pp. 5-6).  He

---

[1] In his list and description of the Defendants, Plaintiff states that Defendant LDS is the State's Attorney of Clinton County; Defendant MP is the "Clinton County Attorney Investigator;" and Defendant AMS is the "County Attorney Investigator" (Doc. 1, p. 3).  Plaintiff did not include any description of Defendant Hudspeth, nor is he mentioned in the statement of claim.  However, Plaintiff's exhibits show that Defendant Hudspeth was a prosecutor in the criminal case at some point (Doc. 1-3, pp. 15-16).

attaches a copy of his post-conviction petition, which states that Plaintiff entered a guilty plea and on September 26, 3012, was sentenced to 35 years in prison for the criminal sexual assault of a child (Doc. 1-3, p. 18).  In the petition, he claims that he was told he would get a five-year sentence if he pled guilty, and he agreed to that because he did not rape the victim.  After he agreed to the five-year plea deal, however, the sentence was switched to 35 years "behind [his] back."  *Id*.  Plaintiff also includes a motion he filed in the criminal case to proceed *in forma pauperis*, and requesting free transcripts.  In that motion, he states that he is a Guatemalan national who does not speak, read, or understand English (Doc. 1-3, pp. 33-34).

With reference to the post-conviction proceeding, the complaint alleges that Defendant Bergmann was appointed to represent Plaintiff in his post-conviction case, but he refused to contact Plaintiff (Doc. 1, p. 5).  Defendant Bergmann is also lying to cover up corruption by the assistant state's attorney, and is concealing false documents and manipulating the court records in conspiracy with Defendants LDS, AMS, and MP.  Defendants Kloeckner and Middendorff conspired to "put a hold on" the transcripts that Plaintiff requested, in order to alter them.  From all indications, the post-conviction proceeding is still pending in the Circuit Court.

Going back to the original criminal prosecution, Plaintiff claims that he was illegally indicted by Defendants LDS and MP.  He was never re-indicted on the superseding indictment, and Defendant Judge Middendorff failed to dismiss the original indictment (Doc. 1, p. 6).  Defendants MP, LDS, and AMS joined the police in bringing a false complaint by information, and charged Plaintiff with rape when there was no evidence of penetration, possession of a firearm, or great bodily harm to the victim.[2]

Plaintiff filed an affidavit seeking a new trial or new plea, and he was brought to court on

---

[2] In the attached post-conviction petition, Plaintiff describes his sexual contact with the victim, but states that no penetration occurred (Doc. 1-3, p. 23).

April 30, 2015.  Defendants Bergmann and Strubhart threatened Plaintiff that he would get hurt if he did not stop accusing them of corruption, and told him to write a letter admitting that he raped the victim, or Defendant Bergmann would not amend his post-conviction petition (Doc. 1, pp. 7-8).  He accuses Defendant Bergmann of malpractice for covering up this corruption (Doc. 1, p. 8).

At some point, Plaintiff told Defendant Bergmann to call his Guatemalan Consulate for assistance, as guaranteed by the Vienna Convention, but Defendant Bergmann refused to do so (Doc. 1, p. 8).  It is not clear from the complaint whether Plaintiff requested any other Defendant to contact his consulate.  He asserts, however, that his due process rights were violated because he was denied access to consular assistance in violation of the Vienna Convention.  *Id.*

Finally, Plaintiff alleges that the prosecutors, judge, clerks, court reporters, defense attorney, and racist translator "fix[ed] and fabricated a plea bargain that [Plaintiff] Sanchez did not understand" (Doc. 1, p. 9).  He wanted Defendant Bergmann to set the matter for a new plea or for a jury trial.  *Id.*

As relief, Plaintiff seeks money damages for having been subjected to psychological and emotional trauma and physical injury; for Defendant Bergmann's interference with Plaintiff's investigation of corruption by the other Defendants and refusal to represent him; and for the other Defendants' fraudulent grand jury indictment and fabricated charge by information (Doc. 1, p. 10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Challenges to the Original Guilty Plea and Conviction;

**Count 2:** Claims Relating to the Post-Conviction Proceedings;

**Count 3:** Violation of Rights Guaranteed by the Vienna Convention.

Accepting Plaintiff's allegations as true, the Court finds that the claims in Counts 1 and 2 fail to state a claim upon which relief may be granted and shall be dismissed. However, a claim for violation of Article 36 of the Vienna Convention may be pursued in a § 1983 action. Plaintiff may therefore have a viable claim in Count 3, but he must amend his complaint to name the proper defendant(s) before he may proceed.

**Dismissal of Count 1 – Guilty Plea and Conviction**

Although he requests only money damages in this civil rights action, Plaintiff's claims – that he was illegally indicted on the sexual assault offense, that the charges against him were false, that the evidence did not support the charge, that he was duped into a guilty plea that he did not understand, and that the plea deal was changed from a five-year sentence to a 35-year sentence without his approval – all directly challenge the validity of the criminal proceedings and ultimately his conviction. Issues of this nature ordinarily are raised when a convicted felon is attempting to overturn his conviction and/or sentence, by means that may include a motion to withdraw a guilty plea, a direct appeal from the criminal conviction, a post-conviction challenge, or a petition for habeas corpus. However, a suit for money damages which is based on such claims cannot be maintained so long as the criminal conviction and sentence still stand.

The Seventh Circuit recently revisited this issue: "In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held . . . that a person who has been convicted of a crime cannot seek damages or other relief under federal law (as in a suit under 42 U.S.C. § 1983 . . . ) for violation of his rights by officers who participated in the investigation or prosecution of the criminal charge, if 'a judgment in favor of the plaintiff [in the civil suit] would necessarily imply the invalidity of his conviction or sentence.'" *Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015) (quoting *Heck*, 512 U.S. at 487).

As the Supreme Court explained in *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (emphasis in original).  An award of damages to Plaintiff for any of the allegedly unconstitutional acts he describes here would necessarily undermine the validity of his conviction and his sentence.  According to his complaint, Plaintiff is now in the midst of a post-conviction challenge to his conviction and sentence, but to date he has not succeeded in his efforts to invalidate either.  All of the claims included in Count 1, therefore, are barred by the *Heck* rule at this time.

"Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck*, 512 U.S. at 489.  Plaintiff may challenge his conviction in a federal habeas corpus action pursuant to 28 U.S.C. § 2254, but only *after* he has presented all of his claims to the Illinois courts.  Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.  It is apparent from Plaintiff's complaint that he has not yet completed the initial post-conviction challenge in the trial court, let alone an appeal from any adverse decision.  Under *Heck*, Plaintiff cannot maintain the claims for damages included in Count 1 unless he first invalidates the conviction or sentence.  Accordingly, **Count 1** shall be dismissed without prejudice.  *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011) (discussed in *Gordon v. Miller*, 2013 WL 4573682 (7th Cir. Aug. 29, 2013)).

**Dismissal of Count 2 – Post-Conviction Proceedings**

Most of these claims focus on Defendant Bergmann, who is Plaintiff's appointed defense attorney in the post-conviction case.  Plaintiff claims that Defendant Bergmann failed to communicate with him about the case, lied to him in order to cover up "corruption" by the prosecutor, and conspired with the prosecution to conceal and manipulate records.  Together with the interpreter (Defendant Strubhart), Defendant Bergmann also threatened Plaintiff with harm if he did not cease his accusations of corruption, and told Plaintiff that he must write a letter admitting he raped the victim before the attorney would prepare an amended post-conviction petition for him.  Plaintiff wants to have a new plea hearing or a new trial, but Defendant Bergmann has not had him brought to court for these proceedings.  Plaintiff also accuses Defendant Bergmann of legal malpractice.

Plaintiff's other claims arising from the post-conviction proceedings are directed to the prosecutors or their staff (Defendants LDS, AMS, and MP) for concealing and manipulating the court records, and against the court clerk (Defendant Kloeckner) and the judge (Defendant Middendorff) for conspiring to delay and alter the transcripts Plaintiff needs.

All of the claims against Defendant Bergmann are subject to dismissal.  First, a civil rights claim brought under § 1983 can only be maintained against a "state actor" – in other words, a person who has violated the plaintiff's constitutional rights while acting under color of state law.  In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney, even if employed by the state, may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law."[3]  *Id.* at 324-25.  *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).  The same is true for any other

---

[3] Claims for attorney malpractice may be pursued in the Illinois state courts, however, nothing herein should be construed as an opinion on the merits of such an action.

"civil rights" claims that Plaintiff may have against Defendant Bergmann – because he is not an agent of the state or acting under color of state law, he is not a proper defendant in a claim brought pursuant to § 1983.

Plaintiff's allegations against Defendant Bergmann may also be viewed as claims that the attorney was ineffective in representing Plaintiff.  While Plaintiff was given an appointed attorney pursuant to Illinois statute, there is no *constitutional* right to legal representation, let alone to the effective assistance of counsel, in the context of a post-conviction challenge.  *See Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987); *Lostutter v. Peters*, 50 F.3d 392, 396 (7th Cir.1995) (overruled on other grounds by *Hogan v. BcBride*, 74 F.3d 144 (7th Cir. 1996).  As such, Plaintiff cannot claim that his constitutional rights were violated by Defendant Bergmann, even if his representation was "ineffective."

The court-appointed Spanish-language interpreter (Defendant Strubhart) appears to have been involved in the events Plaintiff describes only as a conduit to assist in the communication between Plaintiff and his appointed post-conviction counsel, and/or between Plaintiff and the court.  This role does not provide any grounds to impose liability on Defendant Strubhart for any purported civil rights violations.

The prosecutors (Defendants LDS, AMS, and/or MP) are accused of concealing and manipulating the court records during the pendency of the post-conviction case.  A prosecutor is immune from a civil suit for damages under § 1983, when performing prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutor has absolute immunity when initiating a prosecution and presenting the State's case); *but see Fields v. Wharrie*, 740 F.3d 1107, (7th Cir. 2014) (absolute prosecutorial immunity does not protect prosecutor who

fabricated evidence while he was performing non-prosecutorial investigative function before trial). The actions Plaintiff complains of (preventing him from obtaining court records and "manipulating" those records) do not suggest a constitutional violation. Further, this claim arises in the context of a post-conviction challenge that is still ongoing, in which Defendants LDS, AMS, and MP are performing the prosecutorial function of contesting Plaintiff's attempt to challenge his conviction. "A prosecutor is shielded by absolute immunity when he acts 'as an advocate for the State[.]'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). These Defendants are certainly acting as advocates for the State in the post-conviction proceeding, therefore, they are immune from Plaintiff's civil rights claims herein.

Finally, Plaintiff claims that Defendants Kloeckner (the clerk of court) and Middendorff (the judge) are conspiring together to delay and alter the transcripts of Plaintiff's criminal proceedings. He alleges that he has requested transcripts in order to pursue his post-conviction case.

A judge who is sued solely for judicial acts is protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Defendant Middendorff's decisions and actions with regards to the provision of transcripts in Plaintiff's ongoing case fall within the purview of absolute immunity for "judicial acts." Thus, this claim cannot be sustained.

Defendant Kloeckner, as the court clerk, is not protected by absolute immunity. However, clerks and other court personnel may be entitled to quasi-judicial immunity if they were acting at the direction of a judge. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429,

436-38 (1993) (overruling that portion of *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989), which held that court reporters and clerks were absolutely protected by judicial immunity); *Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010). In Plaintiff's complaint, he alleges that Defendant Clerk Kloeckner was working together with Defendant Judge Middendorff with regard to the transcripts. Ultimately, the judge would determine whether Plaintiff would be entitled to receive transcripts. This factor, coupled with Plaintiff's allegations, indicates that whatever action Defendant Kloecker took regarding the transcripts would have been at the direction of the judge and thus protected by quasi-judicial immunity. Even if this were not the case, no constitutional violation is apparent from the alleged refusal to provide Plaintiff with accurate transcripts in the context of his post-conviction action.

For the above reasons, **Count 2** shall be dismissed for failure to state a claim upon which relief may be granted.

## Count 3 – Vienna Convention

Plaintiff's final claim may have some traction. However, Plaintiff associates only one Defendant with this claim, and this individual cannot be held liable in this action.

Article 36 of the Vienna Convention provides, in relevant part:

[I]f he [the alien] so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph.

Vienna Convention on Consular Relations, Art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820; *see also Jogi v. Voges,* 480 F.3d 822, 835 (7th Cir. 2007) ("*Jogi II*").

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal laws include treaties such as the Vienna Convention.  U.S. CONST., art. VI, cl. 2; *see also*

*Jogi II*, 480 F.3d at 825-27.   Under the law of this circuit, 42 U.S.C. § 1983 provides a private

right of action for individuals to pursue claims for violations of Article 36 of the Vienna

Convention.  *Jogi II*, 480 F.3d at 835-36.  Furthermore, the Seventh Circuit has determined that

such a claim, seeking damages rather than immediate or more speedy release from custody, is not

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Jogi II*, 480 F.3d at 836 (citing *Wallace v.*

*Kato*, 549 U.S. 384 (2007), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005)).

       Here, Plaintiff asserts his Vienna Convention claim only against his public defender,

Defendant Bergmann.  But as explained above, Defendant Bergmann is not a "state actor," and

is not a proper defendant in a suit brought under § 1983.  By the terms of Article 36, the

persons who have a duty to inform the detained individual of his rights under the Convention,

and to notify the consulate of the detention, are the "competent authorities" of the state bound

by the treaty.  The "competent authorities" would presumably be the officials who arrested

and/or detained Plaintiff, as pointed out in Plaintiff's exhibit (Doc. 1-2, p. 11).  *See also Mordi*

*v. Ziegler*, 770 F.3d 1161, 1162-63, 1166-67 (7th Cir. 2014) (foreign national sued officers

who arrested, interrogated, and transported him to jail; these defendants were entitled to

qualified immunity because there was no clearly established law regarding which of them had

the duty to implement Article 36).  Defendant Bergmann, the court-appointed public defender,

is not a state official who has authority to arrest or detain a person, so cannot be one of the

"competent authorities" within the meaning of Article 36.

       From Plaintiff's description of the various Defendants, it does not appear that any of

them was involved with his initial arrest or detention.  Conceivably, one or more of these

individuals could be considered a "competent authority" within the meaning of Article 36, if they were responsible for holding him in custody.  Either way, Plaintiff must re-plead the claim in **Count 3** to identify the appropriate defendant(s) before he may proceed with this claim for violation of his rights under Article 36 of the Vienna Convention.

Plaintiff's complaint (Doc. 1) shall be dismissed without prejudice.  Plaintiff shall be allowed an opportunity to submit an amended complaint, to correct the deficiencies in his pleading with respect to **Count 3**.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

## Dismissal of Defendant Hudspeth

As noted above, Plaintiff fails to include any allegations against Defendant Hudspeth in his statement of claim.  Defendant Hudspeth's name is listed in the caption of the complaint, but appears nowhere else in the pleading.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendant Hudspeth will be dismissed from this action without prejudice.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 1 and 2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **BERGMANN, STRUBHART,** and **MIDDENDORFF** are **DISMISSED** from this action with prejudice. Defendants **KLOECKNER, HUDSPETH,** and the **UNKNOWN PARTIES (LDS, MP, and AMS)** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with **COUNT 3** in this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before August 19, 2015). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-560-SMY. The amended complaint shall include the Vienna Convention claims designated by the Court as **COUNT 3**, but shall *not* include the dismissed counts (**COUNTS 1** and **2**). Likewise, Plaintiff shall not include claims against the Defendants who have been dismissed from the action with prejudice (Bergmann, Strubhart, and Middendorff).

For each claim, Plaintiff shall specify, *by name*,[4] each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the violations of Plaintiff's rights. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

---

[4] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 14, 2015**

s/ STACI M. YANDLE
United States District Judge